[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-13591
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 29, 2010
JOHN LEY
ACTING CLERK

D. C. Docket No. 07-03052-CV-JOF-1

RONALD B. EDWARDS,

Plaintiff-Appellee,

versus

Fulton County,

Defendant,

THOMAS C. ANDREWS,
County Manager, In his
Individual Capacity,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(January 29, 2010)

Before TJOFLAT, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

On interlocutory appeal, Thomas C. Andrews, the County Manager of Fulton County, Georgia, appeals the district court's denial of qualified immunity in a 42 U.S.C. § 1983 civil action against him for violation of the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution. After a thorough review, we affirm.

Ronald Edwards, an African-American male employed as a Community Development Specialist in Fulton County's Department of Housing and Community Development, filed a § 1983 complaint against Fulton County and defendant-appellant Thomas Andrews, individually, alleging pay discrepancies. In the complaint, Edwards specifically alleged that he was paid less than women and white employees who performed the same duties, and that Andrews, as the County Manager, ignored memoranda notifying him of the discrepancies and continued the discriminatory practice. According to the complaint, Andrews's actions constituted violations of the Equal Protection and Due Process Clauses.

Andrews moved to dismiss the complaint on the ground that he was entitled to qualified immunity. The district court denied the motion, assuming that Edwards had alleged a constitutional violation and finding that (1) Andrews acted within the

2

scope of his discretionary authority and (2) the right was clearly established. Andrews now appeals.

We have appellate jurisdiction of this interlocutory appeal pursuant to 28 U.S.C. § 1291. *See Dalrymple v. Reno*, 334 F.3d 991, 994 (11th Cir. 2003). We review the denial of qualified immunity on a motion to dismiss *de novo*, "accepting the factual allegations in the complaint as true and drawing all reasonable inferences in the plaintiff's favor." *Id.*

"The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 129 S.Ct. 808, 815 (2009) (quotation omitted). Thus, when evaluating whether a claim for qualified immunity is appropriate, a court must determine (1) whether the facts, as alleged, showed that the individual's conduct violated a constitutional right, and (2) whether that violation was "clearly established" at the time of the alleged deprivation. *See id.* at 815-16. Although courts are no longer required to address these two prongs in order, it is "often beneficial" to do so. *See Fennell v. Gilstrap*, 559 F.3d 1212, 1216 n.6 (11th Cir. 2009).

Here, Edwards alleged that Andrews personally made the decision to

3

continue discriminatory pay practices after these practices were repeatedly brought to his attention.  Taking this allegation as true, which we must at this stage of the proceedings, the complaint sufficiently alleges that Andrews's actions violated Edwards's clearly established constitutional right to equal protection and equal pay.

Moreover, we disagree with Andrews's argument that the complaint failed to meet the heightened pleading requirement.  The complaint contains "a claim for relief that is plausible on its face," and not merely "an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007); *see also Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

Accordingly, we affirm.

**AFFIRMED.**